James Shields, Respondent, v. John Bush and Another, Appellants.

*Replevin — when the verdict of a jury will not be interfered with.*

In an action brought to replevy personal property, where there is evidence to support the contentions of both the plaintiff and the defendant, the court will not interfere with the verdict, nor will it interfere with the value of the personal property as determined by the jury where the evidence of value is not so insufficient that the verdict can be regarded as excessive or without some basis of support.

Appeal by the defendants, John Bush and John Woodenbury, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of June, 1893, upon the verdict of a jury after a trial at the New York Circuit, and also from an order made at the New York Circuit and entered in said clerk's office on the 20th day of June, 1893, denying the defendants' motion for a new trial.

*George S. Hastings,* for the appellants.

*Henry T. Terry,* for the respondent.

O'BRIEN, J.:

The action was brought for the recovery of a hansom cab of the alleged value of $400, or the value thereof in case delivery could not be had.

The plaintiff had arranged for the purchase of the carriage in question from a carriage manufacturer, doing business under the name of M. Armstrong & Co., and, by the terms of the contract, was to pay the sum of $600. In part payment plaintiff gave Armstrong & Co. a bill of sale of an old cab which he owned, at an agreed valuation of $260, and in addition gave notes to the amount of $340. These were in the sum of twenty-five dollars each, and payable from month to month, spread over a period of fourteen months. Plaintiff took from Armstrong & Co. a bill of sale of the new cab, which, by its terms, provided that it should remain the property of Armstrong & Co. until the notes were paid.

It is conceded that the plaintiff paid in cash the sum of $361.50, which was equal to the $340 covered by the notes, with interest for deferred payments. It appeared upon the trial that the old cab, which by the bill of sale was to be subject to the order of Armstrong & Co., remained with the plaintiff and was not delivered, because not called for until after it was accidentally broken by a person who, wishing to purchase it, had taken it from the stable. Though repaired at the plaintiff's expense, the defendants refused to receive it. And the real question in this case grew out of the dispute between the parties as to what action was to be taken in view of the claim of Armstrong & Co. that the injury to the old carriage had lessened its value.

Armstrong & Co. claimed that, in this situation of affairs, upon their refusal to take possession of the old carriage a new agreement or arrangement was entered into between that firm and the plaintiff, by which plaintiff agreed to keep the old cab and pay the $260, the amount agreed upon as its value, and that in the meantime the payments made by plaintiff would be applicable to reducing this indebtedness, deferring the payment of the notes until this amount was paid, subject to Armstrong & Co.'s right to take the new hansom

and sell it if plaintiff should not pay the notes. Plaintiff denied the making of any such agreement, and insisted that the payments were made upon the notes, and not to cover the price allowed for the old cab.

The questions as to whether any such agreement was made, and as to the rule relating to the appropriation of payments, were fully and clearly presented by the trial judge in his charge, to which no exception was taken, the only exceptions in the case being to the refusal of defendants' motion to dismiss the complaint, and the denial of the motion to set aside the verdict and for a new trial.

The question whether any new or substituted agreement was made between the parties was properly, upon conflicting evidence, presented to the jury, and the refusal to dismiss the complaint was, therefore, correct. The burden was upon the defendants of showing such new agreement; and it is conceded that, unless it was proven, the defendants had unlawfully wrested the new hansom, which plaintiff had purchased and fully paid for, from his possession. Under the original agreement Armstrong & Co. were vested with the title to the old cab, and such title was not affected by their failure to take actual possession thereof. If, before they took such actual possession, it was injured through plaintiff's fault, their remedy would be for damages, and not by seizing the new cab and selling it, against the protest of plaintiff, who, by the terms of the bill of sale, became the owner upon the payment of his notes. The jury having resolved this conflict in plaintiff's favor, we see no reason for interfering with their conclusion.

The only serious question presented upon this appeal is as to the amount fixed as the value of the new cab, in the absence of any very certain or definite testimony as to its value at the time of seizure.

Upon this question of value it was shown that the cab was purchased from Armstrong & Co., under whom defendants acted, for $600, and that this was about fifty dollars less than its original price; that it was almost new when purchased by plaintiff, who thereafter spent twenty-five dollars in improving it; that it had but ordinary use, had met with no accident, and though twenty months had elapsed between the date of the purchase and the time of seizure it was in good repair when taken from plaintiff, who stated that it was substantially as good as when he bought it. On the

other hand, it was shown that the cab when sold at auction after seizure realized only $120. The jury fixed the value at $340.

Although, we think, the evidence in support of the value fixed by the jury was slight, still it was not so insufficient that the verdict can be regarded as excessive or without some basis of support. The history of the carriage, its use and its condition, were before the jury; and considering the evidence given by the plaintiff as to value, and the knowledge which ordinarily is possessed by jurymen about carriages, we do not think that, where the plaintiff has presented the best evidence which was in his possession, we should disturb their verdict.

The judgment and order, therefore, should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment and order affirmed, with costs.